## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Gregoire M. Nleme,                                   Civ. No. 16-3246 (SRN/BRT)

        Plaintiff,

v.                                                   **REPORT AND RECOMMENDATION**

Ford Motor Co.,

        Defendant.

In 2013, Plaintiff Gregoire M. Nleme filed a lawsuit in state court bringing claims against his former employer, Defendant Ford Motor Co. ("Ford"), for national-origin discrimination, retaliation, and defamation. *See Nleme v. Ford Motor Co.*, No. 13-CV-2119 (PAM/JJK) (D. Minn. removed Aug. 5, 2013). The matter was properly removed to federal court by Ford, which then filed a motion to dismiss for failure to state a claim. While that motion was pending, Nleme submitted an amended complaint dropping his discrimination and retaliation claims, retaining his defamation claims, and adding a new claim for tortious interference with prospective business opportunities. Although the amended complaint was not filed in accordance with the Federal Rules of Civil Procedure or this District's Local Rules, the Court fully considered the merits of Nleme's claims as raised in the amended complaint and determined that he had filed to state a claim on which relief may be granted. *Id*. at Doc. No. 37. Accordingly, the action was dismissed with prejudice.

Two years later, in 2015, Nleme initiated a new civil action founded upon almost identical factual allegations but this time raising claims not only for defamation, but also for violations of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, The Age Discrimination in Employment Act of 1967, and various other statutes. *See Nleme v. Ford Motor Co.*, 15-CV-0470 (MJD/FLN) (D. Minn. filed Feb. 9, 2015). This time, Nleme's complaint was dismissed almost entirely on the grounds of res judicata. *See id.*, 2015 WL 6735200 (D. Minn. Oct. 1, 2015), *Report and Recommendation adopted by* 2015 WL 6737006 (D. Minn. Nov. 3, 2015). Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 95 (1980). The Court concluded that Nleme could have raised almost all of the claims brought in his 2015 complaint in the earlier litigation, and therefore the doctrine of res judicata barred those claims. *Nleme*, 2015 WL 6735200, at *2-4.

The only claim (partially) found not to be barred by res judicata was Nleme's claim of defamation. Because the 2015 complaint was ambiguous as to *when* the allegedly defamatory statements by Ford employees had been made, the Court could not conclude that a defamation claim based on those statements could have been brought in the 2013 action. *Id.* at *4-5. However, Nleme had failed to adequately support any of his defamation claims with factual allegations that, if proved, would show that he had been defamed. *Id.* Accordingly, these claims, too, were dismissed and the entire action was dismissed with prejudice. *Id.* at *5.

Nleme now brings his third action against Ford for largely the same conduct alleged in the 2013 and 2015 complaints. As before, Nleme alleges that Ford employees have defamed him through crude and derogatory comments to prospective employers and that these comments have caused him to be unable to find consistent employment. Nleme did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of Nleme's IFP application, this Court concludes that Nleme qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court

3

may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Just as Nleme's 2015 action was almost entirely barred by the doctrine of res judicata on account of the 2013 dismissal, this action is almost entirely barred by res judicata on account of the 2013 and 2015 dismissals. *See Cardona v. Holder*, 754 F.3d 528, 530 (8th Cir. 2014) (discussing elements of res judicata). The judgments in those cases were final judgments on the merits of Nleme's claims and were rendered by courts of competent jurisdiction to decide those claims. Further, the claims in each of the three actions arise out of the same nucleus of operative facts. *See Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs*., 533 F.3d 634, 639 (8th Cir. 2008). Both the factual allegations and the specific legal theories (Title VII, the Civil Rights Act of 1991, and so on) in Nleme's present Complaint and the 2015 lawsuit are almost identical.[1]

As in 2015, Nleme's allegations of defamation are again ambiguous enough that it is unclear whether he is claiming that Ford employees have *previously* made derogatory and untrue comments about him, or whether this conduct occurred subsequent to the 2015

---

[1]    Nleme does add new legal claims under 18 U.S.C. §§ 241 & 242, but these claims are barred by res judicata for the same reasons that the newly added claims to the 2015 complaint were barred by that doctrine. In any event, Nleme cannot proceed under §§ 241 or 242 "as they are criminal statutes, and neither of them confers a private right of action." *McDermott v. I.R.S.*, No. 00-CV-0378 (MJD/RLE), 2001 WL 1771645, at *1 n.2 (D. Minn Mar. 27, 2001) (collecting cases)).

dismissal. Any claims arising after the 2015 dismissal would not be barred by res judicata.

But the same ambiguity that prevents this Court from invoking res judicata in fully dismissing the Complaint also requires this Court to dismiss Nleme's remaining defamation claims nonetheless. Under both Minnesota and Michigan law (each of which Nleme invokes), "[a] claim for defamation must be pleaded with specificity." *Pinto v. Internationale Set, Inc.*, 650 F. Supp. 306, 309 (D. Minn. 1986); *accord Romero v. Buhimschi*, No. 06–10859, 2007 WL 2902896, at *5 (E.D. Mich. Sept. 28, 2007) (stating that a claim for defamation under Michigan law must be pleaded with specificity, including the "who, what, and when" of the defamation claim). As the Court has previously explained to Nleme, a "[p]laintiff must specifically allege who made the defamatory statement and the context surrounding the statements in order to allow the defendant to determine whether such statements may be protected by a privilege." *Nleme*, 2015 WL 6735200, at *4. Nleme's Complaint simply contains too little information for this Court or Defendants to be on notice of the specific statements (and who made them), which are being alleged to be defamatory.[2] Because he has failed to adequately plead his

---

[2]    The closest Nleme comes is on page 5 of the Complaint, where he alleges that two specific employees of Ford stated "that I do not know anything, that I was useless at Ford, that I was clueless about most [of] the issues of and concepts of my work, that I rated myself on my Ford Motor company performance reviews, and that I lied about my accomplishments at Ford Motor Company." (Compl. at 5.) But Nleme does not allege to whom these statements were made or when the statements were made. Instead, Nleme alleges only that he learned of the statements in 2014, 2015, and 2016 from "the investigators talking on the roof of my house." (*Id.*) Similarly, although Nleme alleges that he has incurred detrimental *effects* from the allegedly defamatory statements since

(Footnote Continued on Next Page)

defamation claims, any aspect of the claims not barred by res judicata may be dismissed for failure to state a claim on which relief may be granted. Accordingly, this action may be dismissed in its entirely pursuant to § 1915(e)(2)(B).[1]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.     Plaintiff Gregoire M. Nleme's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

Dated: October 27, 2016              *s/ Becky R. Thorson*
                                     Becky R. Thorson
                                     United States Magistrate Judge

---

(Footnote Continued from Previous Page)
his 2015 lawsuit was dismissed, he does not allege when, exactly, the statements that led to these detrimental effects were made. And as stated above, the vast majority of the conduct described in the Complaint is identical to the conduct described in the 2015 complaint (and thus, presumably, occurred prior to that complaint being filed).

[1]     This is now Nleme's third attempt to bring a lawsuit based on identical conduct. Nleme is hereby warned that the right of access to the courts afforded to *pro se* litigants does not ensure an unrestricted opportunity to pursue frivolous or repetitive proceedings. It may at some point become necessary to restrict Nleme's ability to initiate new litigation in this District while unrepresented, especially if Nleme continues to file new lawsuits based largely or entirely upon already litigated conduct.

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.